E. B. METAL PRODUCTS CO., INC., Appellant, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Respondents, et al., Defendant.— Judgment unanimously affirmed, with costs to the respondents. No opinion. Concur — Botein, P. J., Rabin, Valente, Eager and Bastow, JJ.

LILLIAN LYON, Respondent, v. RELAXACIZOR SALES, INC., Appellant.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Rabin, Valente, Eager and Bastow, JJ.

In the Matter of HOTEL HARGRAVE, INC., Appellant, v. TAX COMMISSION OF THE CITY OF NEW YORK et al., Respondents.— Final order, entered on or about May 7, 1959, reducing the 1957–58 and 1958–59 assessments on the petitioner's real property at 110 West 72nd Street (Block 1143, Lot 35), Manhattan, unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, P. J., Rabin, Valente, Eager and Bastow, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD HARRIS, Appellant.— Order, entered September 11, 1959, denying without a hearing defendant's motion for a writ of error *coram nobis*, reversed, on the law, and proceeding remanded for a hearing. Upon the present record we are constrained to hold that the defendant's claims are not "conclusively refuted by unquestionable documentary proof". (*People* v. *Richetti*, 302 N. Y. 290, 296.) Concur — Botein, P. J., Rabin, Eager and Bastow, JJ.; Valente, J., dissents and votes to affirm in the following memorandum: I dissent and would affirm. On five previous occasions the defendant has unsuccessfully moved to vacate the judgment convicting him of murder, second degree, because he was not represented by counsel of his own choosing. On this, his sixth application, apparently he has found the open sesame — an allegation that he was fraudulently induced by court officers to execute an affidavit of no means and request for the appointment of counsel to defend him on the charge of murder, first degree. With this history of prior applications and the chronology of the indorsements on the indictment — all of which the District Attorney would have been well advised to have included in an opposing affidavit — greater factual support should be required in a petition made 21 years after the event before directing a hearing. What transpired on the arraignment in 1939 is so obvious as not to require any comment. Suffice it to state that if the defendant had an attorney, ready and willing to appear and defend him, all that was necessary was the filing of a notice of appearance. The absence thereof conclusively refutes defendant's allegation that the Judge, then presiding, dismissed his attorney. We should not lend encouragement to such obviously disingenuous claims by dignifying them to the extent of directing useless hearings.

JUAN CARABELLO, Appellant, v. I. B. HOLDING CORPORATION, Respondent.— Final judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Rabin, Valente, Eager and Bastow, JJ.